UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JULIA STANLEY, | ) |
| *Petitioner*, | ) Case No. 1:23-cv-124 |
| v. | ) Judge Atchley |
| STATE OF TENNESSEE, | ) Magistrate Judge Lee |
| *Respondent*. | ) |

**MEMORANDUM OPINION**

Petitioner, an inmate housed in the Floyd County Jail in Rome, Georgia, has filed two petitions for habeas corpus relief under 28 U.S.C. § 2254[1] regarding her current incarceration and the charges against her, in which she states, among other things, that she was illegally extradited after an arrest in Tennessee [Doc. 1, 4]. For the reasons set forth below, the Court will **TRANSFER** this action to the United States District Court for the Northern District of Georgia, Rome Division.

While Petitioner named the State of Tennessee as Respondent herein, the proper Respondent is Petitioner's current custodian. *See* 28 U.S.C. § 2242 (providing that a habeas petition shall name "the person who has custody over" the petitioner as the respondent). Accordingly, Petitioner must file this petition for habeas corpus relief in the district having jurisdiction over her custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (providing that "in habeas challenges to present physical confinement . . . the default rule is that the proper

---

[1] While Petitioner filed her habeas corpus petition under §2254, her filings demonstrate that she is a pretrial detainee [Docs. 1, 4]. As such, it appears that she must pursue habeas corpus relief under § 2241, rather than § 2254. *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) (providing that pretrial detainees pursue habeas corpus relief under § 2241, rather than § 2254). But the Court will leave this issue to the transferee Court.

respondent is the warden of the facility where the prisoner is being held"). As this Court does not have jurisdiction over Petitioner's custodian at the Floyd County Jail, which is located in Georgia, it lacks jurisdiction to consider this habeas corpus petition.

Instead, jurisdiction for this action lies in the United States District Court for the Northern District of Georgia, Rome Division. *See* 28 U.S.C. § 90(a). Accordingly, the Court finds that the interests of justice require that this action be transferred to that District. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.").

Accordingly, the Clerk will be **DIRECTED** to (1) **TRANSFER** this action to the United States District Court for the Northern District of Georgia, Rome Division, for further disposition and (2) **CLOSE** this case.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**